U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

NOV 1 8 2005

ROBERT H. SHEMWELL, CLERK
BY_____
    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CINDY L. LACAZE | CIVIL ACTION NO. 03-2202 |
| VERSUS | JUDGE HICKS |
| W.W. GRAINGER, INC. | MAGISTRATE JUDGE HORNSBY |

## ORDER

Before the Court is Defendant's "Motion to Award Costs, Expenses and Reasonable Attorneys' Fees." [Doc. No. 108]. Defendant W.W. Grainger, Inc. seeks attorneys' fees as a prevailing party in this litigation. Plaintiff Cindy LaCaze ("LaCaze") opposes the motion contending that the claims were not "frivolous, unreasonable or without foundation." Costs were assessed by separate order. [Doc. No. 119]. For the reasons which follow, the Court finds that defendant is not entitled to an award of attorneys' fees.

The Court granted summary judgment in favor of the defendant on all claims. [Doc. Nos. 102 & 103]. Defendant seeks attorneys' fees as the prevailing party contending that plaintiff's claims were frivolous. Defendant also seeks attorneys' fees pursuant to 28 U.S.C. § 1927 claiming that plaintiff's counsel unreasonably and vexatiously multiplied the proceedings. Defendant has the burden of proof because attorneys' fees to prevailing defendants is presumptively unavailable. Dean v. Riser, 240 F.3d 505 (5th Cir. 2001).

"When considering whether a suit is frivolous, a district court should look to factors such as whether the plaintiff established a prima facie case, whether the defendant offered to settle, and whether the court held a full trial." Myers v. City of W. Monroe, 211 F.3d 289, 292 (5th Cir. 2000) (citing U.S. v. Mississippi, 921 F.2d 604, 609). Grainger alleges that it should be awarded attorneys' fees based on the factors set forth in United States v.

Mississippi. Defendant points out that the Court found that LaCaze did not meet her *prima facie* case. Plaintiff has not offered any evidence that defendant made a settlement offer. Furthermore, the Court granted summary judgment on every claim. These are all correct statements. However, the factors provided by the Fifth Circuit in United States v. Mississippi are factors to consider, not a rigid three part test. See, Skinner v. San Felipe Del Rio Consol. Indep. Sch. Dist., 95 Fed. Appx. 717, 718 (5th Cir. 2004).

The Court also considers the six "more frivolous arguments" of the plaintiff that defendant addressed. Each of the arguments were ruled in defendant's favor on summary judgment, however, that does not automatically make plaintiff's claims and arguments frivolous or unreasonable. Hidden Oaks v. City of Austin, 138 F.3d 1036 (5th Cir. 1998). Although the Court ultimately found that Grainger had not discriminated against LaCaze, the Court does not find that her claims were frivolous or unreasonable. Therefore, attorneys' fees are not granted to the defendant.

Defendant also moves for attorneys' fees pursuant to 28 U.S.C. § 1927. Defendant must show that plaintiffs counsel unreasonably and vexatiously multiplied the proceedings. Vexatious conduct requires a finding that counsel acted recklessly, in bad faith or with improper motive. Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., 38 F.3d 1414 (5th Cir. 1994). Defendant argues that even if plaintiff's counsel filed the suit in good faith, he should have dismissed the suit when it became apparent that "Plaintiff's allegations completely lacked evidentiary support."

As the Court has already found that plaintiff's case was not frivolous, it follows that Plaintiff's counsel did not act in bad faith because he did not dismiss this suit before the motion for summary judgment was filed. The Court finds no actions of plaintiff's counsel

to be reckless, in bad faith or with improper motive. The Court finds that defendant has not shown that attorneys' fees should be awarded pursuant to 28 U.S.C. § 1927.

Therefore:

IT IS ORDERED that Defendant's "Motion to Award Costs, Expenses and Reasonable Attorneys' Fees" [Doc. No. 108] shall be **DENIED**.

Shreveport, Louisiana, this 15th day of November, 2005.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE